IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HARDEN MILLARD WALKER, | |
| Plaintiff, | |
| v. | 1:12-cv-4107-WSD |
| DR. GEORGE HERRON, Medical Director, Corizon Health, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R") [5].

On November 26, 2012, Plaintiff Harden Millard Walker ("Plaintiff"), then in custody in Fulton County Jail, filed an action under 42 U.S.C. §1983 action against Dr. George Herron ("Dr. Herron"), the director of Corizon Health. Plaintiff alleged that he had not received proper medical care, including for his diabetes, and was being denied access to his medical records.

On March 4, 2013, the Magistrate Judge granted Plaintiff's request to proceed *in forma pauperis*. The Clerk mailed a copy of the order to Plaintiff at Fulton County Jail, but it was returned as undeliverable. Because Plaintiff has failed to notify the Court of his current contact information, the Magistrate Judge

recommended that this action be dismissed without prejudice pursuant to Local Rule 41.2C.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  Here, Plaintiff has failed to communicate with the Court, did not advise the Court of his current contact information, and did not object to the R&R.  The Court thus reviews the R&R for plain error.[1]

The Court agrees with the Magistrate Judge's recommendations.  Local Rule 41.2C provides that "[t]he failure . . . of a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal . . . ."

---

[1] Even reviewing the R&R *de novo*, the Court would conclude this case is required to be dismissed.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that that the Court **ADOPTS** Magistrate Judge Gerriyln G. Brill's Final Report and Recommendation [5].

**IT IS FURTHER ORDERED** that Plaintiff's complaint [1] is **DISMISSED WITHOUT PREJUDICE** pursuant to Local Rule 41.2C.

**SO ORDERED** this 27th day of September, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE